### Jacob Whittemore *versus* Levi Jones, et a.

A replevin bond is to be taken in the name of the sheriff.

It is no objection to the validity of a replevin bond, that the condition contains a provision for the indemnity of the sheriff.

This was an action of debt upon a bond given by the defendants, Levi Jones, M. D. Langdell, and William Bruce, to the plaintiff, the sheriff of this county, dated July 10, 1828, in the penal sum of $400.

The defendants craved oyer of the bond, and also of the condition, which was as follows :—" The condition of this obligation is such, that whereas the said M. D. Langdell and L. Jones, have commenced an action of replevin against Jacob Hutchinson, &c. Now if the said M. D. Langdell and Levi Jones shall prosecute their said action of replevin to final judgment, and pay all such costs and damages as the said Jacob Hutchinson shall recover against them, and shall keep harmless, and indemnify the above named sheriff, and his deputies, for, and concerning the replevying of the said goods and chattels, then this obligation to be void," &c.

The defendants then demurred to the declaration, and the plaintiff joined in demurrer.

*E. Parker*, for the plaintiff.

*Sawyer*, for the defendant.

*By the court.* It has long been the practice in this state to take replevin bonds in the name of the sheriff, and

this practice has been sanctioned by a decision directly upon the point. 3 N. H. Rep. 39, *Sumner* v. *Stewart.*

The practice is otherwise in Massachusetts. 5 Pick. 226. But the decision there is understood to be grounded upon particular provisions in their statutes.

We consider the question as settled here.

But it is objected, that the clause in the condition of this bond for the indemnity of the sheriff, and his deputies, is illegal, and renders the bond void. In order to settle the question, which this objection raises, it is necessary to ascertain the legal effect of this clause in the condition. The terms of it are, that Jones shall keep harmless, and indemnify the sheriff, and his deputies, concerning the replevying of the goods. Now we understand the amount of this to be, that the sheriff shall be indemnified so far as he is by law entitled to an indemnity, and no farther. This is, in our opinion, all which this clause in the condition can be construed to mean. Whether the sheriff is, in such a case, entitled to any indemnity, is a question which it is unnecessary to settle at this time. Because if he is not, the clause is merely idle and inoperative, and can have no legal effect ; and if he is entitled to an indemnity, we see no reason why he should not have it in the replevin bond. It is said that it cannot be known, when a recovery is had in such a case, what was recovered for the sheriff, and what for the defendant in replevin. But this is a matter to be adjusted between them, and seems to us to be no concern of him, who gives the bond. This objection is not, however, well founded in fact ; because there can hardly be a case imagined in which there would be the least difficulty in ascertaining what was recovered for the use of the sheriff, and what for the use of the defendant in replevin.

*Judgment for the plaintiff.*